# April Term, 1852.

## MICHAEL T. O'CONNER, Appellant, v. JOHN STARK and GEORGE WILSON, Respondents.

In a suit by one partner for the dissolution of the partnership, and an account, &c., alleging that dividends of profits were to be made at stated periods, the Court may decree the payment of the sum due for such dividends, before final distribution of the assets.

Where the case is tried by the Court without a jury, the Appellate Court will not inquire into the sufficiency of the evidence, but will presume the issues of *fact* properly found.

APPEAL from the Superior Court of the City of San Francisco.

O'Conner, in his complaint, filed in October, 1850, stated, that on the 22nd of February, 1850, he entered into articles of copartnership with the appellants, in the business of gardening, &c.; that the partnership was to continue till the 1st of February, 1851; that the plaintiff was to furnish a certain field, fence it, the use of a team, &c.; that the defendants were to furnish the seeds, &c., and the necessary labour, &c., and take the entire management of the crops; that one-third of the profits should belong to the plaintiff, and two-thirds to the defendants; that books should be kept, showing the partnership accounts; that once in each month the accounts should be adjusted, and the profits paid over, in the proportions aforesaid; that the plaintiff had fully complied with his part of the agreement; that the defendants had failed to comply on their part; that they had converted to their own use fencing furnished by the plaintiff, to the value of $100; had suffered the greater part of the field to remain idle; had converted a portion of the crops to their own

use; had never kept correct accounts; and for the preceding two months, had refused to render any account to the plaintiff; had refused to pay over one-third of the profits monthly, or otherwise; had concealed from the plaintiff the amount of profits; and claimed to hold the field in their own right, and in defiance of the plaintiff, &c. Prayer, that the defendants be required to account, and charged with the damages sustained by their noncompliance with the agreement, and decreed to pay the amount found due the plaintiff; that the partnership be dissolved; and for general relief, &c.

The answer denied the complaint; and alleged that the plaintiff had failed to perform his part of the agreement; and that the defendants had fully paid him his proportion of the profits, &c.; and claimed damages for the plaintiff's failure to comply with the agreement.

The cause was tried by the Court, the parties waiving a jury. A great deal of evidence was adduced. The Court found that the complaint was substantially true; and that upon a settlement of the partnership accounts, the sum of $325.39 was due from the defendants to the plaintiff; and decreed that the plaintiff recover of the defendants the sum found due, with costs; and further, that the partnership be dissolved, and a receiver appointed to take charge of and sell the partnership effects, and bring the proceeds into Court, to abide its further order, &c. The defendants appealed.

*Heydenfeldt* and *Morse*, for the appellants, argued that no judgment could be rendered in favour of the plaintiff for any sum certain, until the final adjustment of all the partnership accounts; and that, in this case, such final adjustment still remained to be made, after the disposition of the partnership effects. Gow on Partn. 73–5. They also objected, that the evidence did not warrant the finding of the Court.

*O'Conner*, in person, cited 2 T. R. 479–83; 8 Barn. & Cress. 16; 2 Bing. 170; 9 Mass. 58. 540; 12 Ib. 34; 15 Ib. 116; 3 Pick. 420; 6 Ib. 179; 11 Ib. 79; Coll. Partn. 161; 3 Johns. 360; 18 Ib. 132; 2 Caines's Cas. 1; 4 Cranch, 73. He also argued, that as there was no case stated, &c., the finding of the Court was conclusive, as to the facts.

Chief Justice MURRAY delivered the opinion of the Court. This was an action brought by the plaintiff to recover a certain amount of monthly profits, arising from a partnership between himself and the defendants. The Court, sitting as a jury, found the facts as alleged in the plaintiff's complaint; and upon such finding, decreed a dissolution of the partnership, appointed a receiver to take charge of, cultivate, and sell to the best advantage the growing crop, and pay the proceeds thereof into Court; and rendered a judgment in favour of the plaintiff, against the defendants, for the sum of $325.39. From this judgment the defendants appeal, and allege as error, that one partner cannot sue another upon an isolated partnership item; that the Court had no authority to enter judgment for the said sum, except upon a full adjustment of all the partnership accounts; and that the Court had not disposed of the partnership effects, but left them in the hands of the receiver, subject to future distribution.

These objections do not apply to this case. The Court have found that the parties were entitled to monthly dividends, by the terms of their contract, and that the sum of $325.39 was due the plaintiff. This was not an amount to be made from the future proceeds of the partnership effects, but was a subsisting liability of the defendants to the plaintiff. Consequently, there was no reason for delaying the plaintiff until the final distribution of the partnership property by the Court.

As the case was tried by the Court as a jury, we cannot go into the sufficiency of the evidence, but must presume the issues of fact properly found.

> Judgment affirmed, with costs; and the case remanded to the Court below for a final settlement of the partnership effects.